NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2019 IL App (4th) 170687-U

NO. 4-17-0687

FILED
December 3, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DEEARLISE CHILDROUS, | ) | No. 88CF321 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Eric S. Pistorius, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Knecht and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court erred by denying defendant leave to file his postconviction
         claim his natural life sentence is unconstitutional as applied to him.

¶ 2          In January 2015, defendant, Deearlise Childrous, filed *pro se* a motion for leave to

file his fifth postconviction petition. The State filed a response, asserting the motion should be

denied. In May 2016, defendant, with the assistance of counsel, filed an amended motion for

leave to file his fifth postconviction petition, to which the State again responded. The next

month, the Sangamon County circuit court heard arguments on defendant's amended motion and

permitted three of defendant's claims to proceed to the second stage of the postconviction

proceedings and denied him leave to file the other two claims. In October 2016, defendant filed

an amended fifth postconviction petition. In January 2017, the State filed a response asserting

defendant's amended fifth postconviction petition should be dismissed. After an August 2017

hearing, the court entered a written order finding "the Petition for Leave to File Successive Post Petition is denied."

¶ 3          Defendant appeals, contending the circuit court erred by (1) allowing the State to respond to his motion for leave to file a fifth postconviction petition and (2) denying him leave to file a claim his natural life sentence is unconstitutional because the sentence violates the eighth and fourteenth amendments of the United States Constitution (U.S. Const., amends. VIII, XIV) and the proportionate penalties clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, § 11) as applied to him.  We affirm in part, reverse in part, and remand with directions.

¶ 4                              I. BACKGROUND

¶ 5          In September 1988, a jury found defendant guilty of the April 8, 1988, first degree murder (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(a)(1)) and armed robbery (Ill. Rev. Stat. 1987, ch. 38, ¶ 18-2(a)) of Beth Akers.  The evidence showed defendant and Tommy Coleman were after Akers's purse and they shot Akers when she would not let go of the purse.  Coleman told Jeffrey Kimble, who was defendant's aunt's boyfriend, defendant was the shooter.  Defendant also made statements to several fellow jail inmates indicating he was the shooter.  In September 1998, the circuit court held a hearing on defendant's eligibility for the death penalty.  The jury unanimously found defendant was eligible for the death penalty but did not unanimously find there were no mitigating factors sufficient to preclude a death sentence.  In October 1988, the circuit court held defendant's sentencing hearing and sentenced him to concurrent prison terms of natural life for first degree murder and 30 years for armed robbery.  The presentence investigation report stated the following:  "Since becoming a teenager, the defendant has spent most all of his time in the juvenile legal system.  He has never attended high school, has not been employed and basically hasn't taken much responsibility or control over his life."  The report

was lengthy and gave other insight into defendant's childhood and criminal record.  In March 1990, this court affirmed defendant's conviction and sentence.  *People v. Childrous,* 196 Ill. App. 3d 38, 552 N.E.2d 1252 (1990).  Defendant filed a petition for leave to appeal, which the supreme court denied.  *People v. Childrous*, 133 Ill. 2d 562, 561 N.E.2d 696 (1990) (table).

¶ 6        Defendant filed *pro se* a petition for writ of *mandamus* in June 1992.  The circuit court appointed defendant counsel because of the relief the petition sought, and in March 1993, counsel chose to file an amended petition for postconviction relief.  The circuit court dismissed the amended petition because it was not timely filed.  Defendant appealed, but in March 1994, this court allowed defendant's *pro se* motion to dismiss his appeal.  *People v. Childrous*, No. 4-93-0299 (Mar. 7, 1994) (motion order unpublished under Illinois Supreme Court Rule 23).

¶ 7        In April 1998, defendant filed his second postconviction petition, which the circuit court dismissed as frivolous.  One year later, this court affirmed the circuit court's dismissal of defendant's second postconviction petition because it was untimely filed.  *People v. Childrous*, 303 Ill. App. 3d 1119, 747 N.E.2d 1115 (1999) (table).  Defendant then filed his third postconviction petition in January 2001.  The circuit court also dismissed that petition.  In June 2003, this court affirmed the circuit court's dismissal of defendant's third postconviction petition.  *People v. Childrous*, No. 4-01-0766 (June 11, 2003) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8        In July 2003, defendant filed *pro se* a motion for discovery, a motion to file an untimely postconviction petition, and a fourth postconviction petition.  In the fourth postconviction petition, defendant (1) alleged two witnesses committed perjury, (2) asserted trial counsel was ineffective, and (3) included a claim of actual innocence.  In December 2010, defendant was given 45 days to file an amended fourth postconviction petition, which he did.

Defendant's amended fourth postconviction petition contained 19 claims. On the State's motion, the circuit court dismissed defendant's amended fourth postconviction petition in an April 2011 written order. Defendant appealed, and this court affirmed the dismissal. *People v. Childrous*, 2012 IL App (4th) 110372-U.

¶ 9 Defendant filed *pro se* his motion for leave to file a fifth postconviction petition in January 2015. The State filed a response on March 20, 2015, asserting the motion should be denied. Four days later, defendant filed *pro se* a second request for leave to file a postconviction petition, and the circuit court granted the State leave to respond to defendant's January 2015 motion for leave to file a fifth postconviction petition. The court also noted it would appoint defendant counsel if he made a request. On April 6, 2015, the court appointed defendant counsel. After a May 2015 hearing, defendant's counsel was granted leave to file an amended motion for leave to file a fifth postconviction petition raising the issues from both the January and March 2015 motions. The assistant state's attorney was present at the hearing. In July 2015, defendant's counsel filed the combined motion for leave to file defendant's fifth postconviction petition, and the State filed a response to defendant's motion.

¶ 10 In May 2016, defense counsel filed an amended motion for leave to file his fifth postconviction petition. In his amended motion, defendant first addressed the cause and prejudice test, asserting his issues were based on a new substantive rule of law, noting, *inter alia*, the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which was decided more than a year after the circuit court dismissed defendant's amended fourth postconviction petition. Thereafter, defendant set forth five separate claims in his amended motion for leave to file a fifth postconviction petition. First, he argued his conviction for intentional murder was unconstitutional because it was based on a general verdict form. Second, defendant contended

his trial counsel was ineffective for failing to request separate verdict forms for intentional, knowing, and felony murder. Defendant's third argument asserted ineffective assistance of appellate counsel for counsel's failure to raise trial counsel's ineffectiveness based on the failure to request separate verdict forms. Fourth, defendant contended his natural life sentence was unconstitutional because it violated the eighth and fourteenth amendments of the United States Constitution and the Illinois Constitution's proportionate penalties clause. In support of his fourth argument, defendant, who was 19 years old when he committed the crimes, cited *Miller* and studies regarding the developing brain of young adults. Defendant's fifth claim contended the state's attorney committed prosecutorial misconduct by suborning perjury in defendant's case. In June 2016, the circuit court heard arguments on defendant's motion from both defendant's counsel and the assistant state's attorney. The court granted the motion in part and denied the motion in part. Specifically, the court allowed defendant's first three claims to proceed to "phase II" and denied him leave to file the last two claims.

¶ 11　　　　In October 2016, defendant filed his amended fifth postconviction petition raising just the first three claims. The State filed a response to defendant's amended fifth postconviction petition and argued it should be dismissed. On August 23, 2017, the circuit court held a hearing and purportedly "denied" defendant's motion for leave to file a successive postconviction petition. The docket entry stated a written order would be filed. On September 5, 2017, the court entered a written order finding "the Petition for Leave to File Successive Post Petition is denied." We note the court's aforementioned order contradicted the court's June 2016 order, which granted defendant leave to file a fifth postconviction claim raising three of his five claims.

¶ 12　　　　On September 14, 2017, defendant filed a notice of appeal from the circuit court's "August 23, 2017" order, which defendant described as "Denial of Leave to File Successive

Post-Conviction Petition." We find the notice of appeal sufficiently complied with Illinois Supreme Court Rule 606 (eff. July 1, 2017) to indicate defendant was appealing the circuit court's final order, which was entered on September 5, 2019, after an August 23, 2017, hearing. See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals). Thus, we have jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017). See *McGath v. Price*, 342 Ill. App. 3d 19, 33, 793 N.E.2d 801, 812 (2003) (noting the reviewing court had jurisdiction of all prior unspecified orders which were steps in the procedural progression that led to the order specified in the notice of appeal).

¶ 13                          II. ANALYSIS

¶ 14          Defendant appeals, challenging only the circuit court's denial of his request for leave to file his as-applied constitutional challenge to his natural life sentence. When the circuit court has not held an evidentiary hearing, this court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 15          The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2014)) contemplates the filing of only one postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 15, 102 N.E.3d 114. Specifically, section 122-3 of the Postconviction Act (725 ILCS 5/122-3 (West 2014)) declares "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2014)) represents an exception to the waiver rule. See *Bailey*, 2017 IL 121450, ¶ 15. It provides the following:

          "Only one petition may be filed by a petitioner under this Article

without leave of the court. Leave of court may be granted only if a

petitioner demonstrates cause for his or her failure to bring the

claim in his or her initial post-conviction proceedings and

prejudice results from that failure. For purposes of this subsection

(f): (1) a prisoner shows cause by identifying an objective factor

that impeded his or her ability to raise a specific claim during his

or her initial post-conviction proceedings; and (2) a prisoner shows

prejudice by demonstrating that the claim not raised during his or

her initial post-conviction proceedings so infected the trial that the

resulting conviction or sentence violated due process." 725 ILCS

5/122-1(f) (West 2014).

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of

the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963

N.E.2d 909.

¶ 16        With a motion for leave to file a successive postconviction petition, the court is

just conducting "a preliminary screening to determine whether defendant's *pro se* motion for

leave to file a successive postconviction petition adequately alleges facts demonstrating cause

and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. The court is only to ascertain "whether defendant

has made a *prima facie* showing of cause and prejudice." *Bailey*, 2017 IL 121450, ¶ 24. If the

defendant did so, the court grants the defendant leave to file the successive postconviction

petition. *Bailey*, 2017 IL 121450, ¶ 24. In conducting the preliminary screening, our supreme

court has held the State should not be allowed to participate. *Bailey*, 2017 IL 121450, ¶ 24.

¶ 17                              A. State Involvement

¶ 18        The State contends the circuit court granted defendant leave to file his fifth amended petition and moved the petition to the second stage of the proceedings where it appointed defendant counsel and allowed the State to respond. We recognize the circuit court's proceedings in this case were inexplicably convoluted, confusing, and contradictory. Nonetheless, the appellate record indicates the State filed a response to defendant's motion for leave to file a fifth postconviction petition before the circuit court first addressed the motion and before the court appointed defendant counsel. Regardless of how the circuit court proceeded, this court recently agreed with the Second District's holding in *People v. Conway*, 2019 IL App (2d) 170196, ¶ 23, and held "an appellate court may choose for the sake of judicial economy to review a circuit court's denial of a motion for leave to file a successive postconviction petition when the State has been involved." *People v. Ames*, 2019 IL App (4th) 170569, ¶ 23. On appeal, defendant only challenges the circuit court's partial denial of his amended motion to file a fifth postconviction petition, and it is reasonably straightforward. Thus, we find our review is more appropriate than remanding the cause to the circuit court.

¶ 19                                B. Leave to File

¶ 20        On appeal, defendant argues the circuit court erred in denying him leave to raise an as-applied constitutional challenge to his natural life sentence based in part on *Miller* and its progeny in a fifth postconviction petition. The State contends defendant failed to establish both cause and prejudice. We disagree.

¶ 21                                1. *Cause*

¶ 22        As to cause, defendant notes the developing case law regarding juvenile and young adult sentencing. The following cases that have addressed juvenile and/or young adult sentencing were all decided after defendant's previous postconviction petition was denied in

- 8 -

2011.  In *Miller*, 567 U.S. at 489, the United States Supreme Court found unconstitutional a sentencing scheme that mandated life in prison without the possibility of parole for juvenile offenders (those under the age of 18), including those convicted of homicide.  The *Miller* Court did not foreclose sentencing a juvenile convicted of homicide to life in prison, but it emphasized the judge or jury must have the opportunity to consider mitigating factors before imposing the harshest possible penalty on a juvenile.  *Miller*, 567 U.S. at 489.  In reaching its holding, the *Miller* Court explained a sentencing court must consider how children are different from adult offenders for purposes of sentencing and how those differences counsel against irrevocably sentencing juveniles to a lifetime in prison.  *Miller*, 567 U.S. at 480.  Further, the juvenile offender's youth and attendant characteristics must be considered before imposing life imprisonment without the possibility of parole.  *Miller*, 567 U.S. at 483.  Thereafter, in *Montgomery v. Louisiana*, 577 U.S. ___, ___, 136 S. Ct. 718, 736 (2016), the Supreme Court found the *Miller* decision announced a new substantive rule of constitutional law that was retroactive on state collateral review.  It also reiterated what must be considered before imposing life imprisonment without the possibility of parole on a juvenile.  *Montgomery*, 577 U.S. at ____, 136 S. Ct. at 733-34.  The *Montgomery* Court further emphasized life imprisonment without parole was unconstitutional "for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility."  (Internal quotation marks omitted.)  *Montgomery*, 577 U.S. at ____, 136 S. Ct. at 734.

¶ 23         Before *Montgomery*, the Illinois Supreme Court in *People v. Davis*, 2014 IL 115595, ¶ 39, 6 N.E.3d 709, held *Miller* stated a new substantive rule of law applicable retroactively to cases on collateral review.  As to the cause and prejudice test of section 122-1(f) of the Postconviction Act, the *Davis* court found "*Miller's* new substantive rule constitutes

'cause' because it was not available earlier to counsel [citation] and constitutes prejudice because it retroactively applies to defendant's sentencing hearing." *Davis*, 2014 IL 115595, ¶ 42. The *Davis* case involved a defendant who was 14 years old at the time of the offense and had received a mandatory sentence of natural life imprisonment. *Davis*, 2014 IL 115595, ¶¶ 4-5. Later, in *People v. Holman*, 2017 IL 120655, ¶ 40, 91 N.E.3d 849, the Illinois Supreme Court further held "*Miller* applies to discretionary sentences of life without parole for juvenile defendants." There, the circuit court had exercised its discretion and imposed a sentence of life without parole for a murder the defendant committed at age 17. *Holman*, 2017 IL 120655, ¶¶ 1, 17.

¶ 24    In *People v. Reyes*, 2016 IL 119271, ¶¶ 9-10, 63 N.E.3d 884, our supreme court extended *Miller* to a mandatory term of years that was the functional equivalent of life without the possibility of parole (*de facto* life sentence). The *Reyes* court found the defendant in that case had received a "*de facto* life-without-parole sentence," when he at 16 years old committed "offenses in a single course of conduct that subjected him to a legislatively mandated sentence of 97 years, with the earliest opportunity for release after 89 years." *Reyes*, 2016 IL 119271, ¶ 10. More recently in *People v. Buffer*, 2019 IL 122327, ¶ 41, our supreme court defined a *de facto* life sentence by declaring "a prison sentence of 40 years or less imposed on a juvenile offender does not constitute a *de facto* life sentence in violation of the eighth amendment."

¶ 25    As to young adults, in *People v. Thompson*, 2015 IL 118151, ¶ 1, 43 N.E.3d 984, the Illinois Supreme Court addressed whether a defendant may raise an as-applied constitutional challenge to his mandatory natural life sentence for the first time on appeal from the circuit court's dismissal of a petition seeking relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). Citing *Miller*, the defendant argued his mandatory

life sentence violated the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *Thompson*, 2015 IL 118151, ¶ 17. Specifically, he asserted "the sentencing statute was unconstitutional as applied to him because he was 19 years old at the time of the shooting, had no criminal history, and impulsively committed the offense after years of abuse by his father." *Thompson*, 2015 IL 118151, ¶ 17. The supreme court agreed with the appellate court the defendant's argument was forfeited because it was not the type of challenge recognized as being exempt from section 2-1401's typical rules of forfeiture. *Thompson*, 2015 IL 118151, ¶ 39.

¶ 26 While the supreme court determined the defendant could not raise his as-applied constitutional challenge to his sentence under *Miller* for the first time on appeal from dismissal of a section 2-1401 petition, the *Thompson* court explained the defendant was not necessarily foreclosed from renewing his as-applied challenge in the circuit court. *Thompson*, 2015 IL 118151, ¶ 44. It noted the following:

> "[T]he Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)), is expressly designed to resolve constitutional issues, including those raised in a successive petition. [Citation.] Similarly, section 2-1401 of the Code permits either a legal or factual challenge to a final judgment if certain procedural and statutory requirements are satisfied." *Thompson*, 2015 IL 118151, ¶ 44.

¶ 27 Last year, in *People v. Harris*, 2018 IL 121932, ¶ 1, 120 N.E.3d 900, the supreme court was presented with both facial and as-applied constitutional challenges to the statutory sentencing scheme which resulted in a mandatory minimum aggregate term of 76 years' imprisonment for the defendant who was 18 years, 3 months of age at the time of the offenses.

The defendant had asserted on direct appeal his aggregate 76-year prison sentence violated both the eighth amendment and the proportionate penalties clause of the Illinois Constitution. *Harris*, 2018 IL 121932, ¶ 17. The *Harris* court addressed defendant's facial challenge based on the eighth amendment and concluded it failed. *Harris*, 2018 IL 121932, ¶ 61. In reaching that conclusion, it noted the Supreme Court had drawn "the line at age 18 because that 'is the point where society draws the line for many purposes between childhood and adulthood.' " *Harris*, 2018 IL 121932, ¶ 60 (quoting *Roper v. Simmons*, 543 U.S. 551, 574 (2005). The *Harris* court pointed out "[n]ew research findings do not necessarily alter that traditional line between adults and juveniles." *Harris*, 2018 IL 121932, ¶ 60. Moreover, it noted "claims for extending *Miller* to offenders 18 years of age or older have been repeatedly rejected." *Harris*, 2018 IL 121932, ¶ 61 (citing a collection of cases). The *Harris* court agreed with those decisions and the appellate court and declared, "for sentencing purposes, the age of 18 marks the present line between juveniles and adults." *Harris*, 2018 IL 121932, ¶ 61.

¶ 28 On the other hand, the *Harris* court declined to address the defendant's as-applied constitutional challenge based on the Illinois Constitution's proportionate penalties clause because it was premature. *Harris*, 2018 IL 121932, ¶ 46. The supreme court noted the following:

"A court is not capable of making an as applied determination of unconstitutionality when there has been no evidentiary hearing and no findings of fact. [Citation.] Without an evidentiary record, any finding that a statute is unconstitutional as applied is premature." (Internal quotation marks omitted.) *Harris*, 2018 IL 121932, ¶ 39 (quoting *People v. Rizzo*, 2016 IL 118599, ¶ 26, 61 N.E.3d 92).

In *Harris*, 2018 IL 121932, ¶ 39, the defendant raised the issue for the first time on direct appeal. "Thus, an evidentiary hearing was not held on his constitutional claim, and the trial court did not make any findings of fact on defendant's specific circumstances." *Harris*, 2018 IL 121932, ¶ 40. The court further noted *Miller* did not directly apply to the circumstances of the defendant, who committed the offense as a young adult, and thus the record had to be sufficiently developed to address the claim *Miller* applied to the defendant's particular circumstances. *Harris*, 2018 IL 121932, ¶ 45.

¶ 29        The *Harris* court concluded the defendant's as-applied challenge was more appropriate for another proceeding. *Harris*, 2018 IL 121932, ¶ 48. As in *Thompson*, the supreme court noted the defendant could raise his as-applied challenge under the Postconviction Act, which allows for raising "constitutional questions which, by their nature, depend[ ] upon facts not found in the record." (Internal quotations marks omitted.) *Harris*, 2018 IL 121932, ¶ 48 (quoting *People v. Cherry*, 2016 IL 118728, ¶ 33, 63 N.E.3d 871). Such a challenge "could also potentially be raised in a petition seeking relief from a final judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016))." *Harris*, 2018 IL 121932, ¶ 48.

¶ 30        Additionally, as defendant points out, the First District has found the mandatory natural life sentence of a defendant who was 19 years and 2 months old when he committed the offense violated the proportionate penalties clause of the Illinois Constitution as applied to him based on the circumstances of his case, the reasoning behind the *Miller* decision, and other recent changes in statutory and case law. *People v. House*, 2019 IL App (1st) 110580-B, ¶ 64. There, the defendant raised the issue in an amended postconviction petition, which was dismissed by the circuit court at the second stage of the proceedings. *House*, 2019 IL App (1st) 110580-B, ¶ 23.

The *House* court concluded defendant's claim was before it in the posture suggested by the supreme court's decision in *Harris*. Thus, it found the defendant's challenge was not premature, as it was in *Harris*. *House*, 2019 IL App (1st) 110580-B, ¶ 32. The *House* court concluded the defendant's mandatory sentence of natural life shocked the moral sense of the community based on the defendant's age, his family background, his actions as a lookout as opposed to being the actual shooter, and lack of any prior violent convictions. *House*, 2019 IL App (1st) 110580-B, ¶ 64.

¶ 31 Given the aforementioned cases were all decided after defendant's initial postconviction petition and even after the last postconviction petition defendant filed, defendant could not have raised this claim earlier. Thus, we find defendant established a *prima facie* showing of cause as to his claim based on *Miller*. See *Davis*, 2014 IL 115595, ¶ 42 (noting "*Miller's* new substantive rule constitutes 'cause' because it was not available earlier to counsel").

¶ 32                                    2. *Prejudice*

¶ 33 We also find defendant made a *prima facie* showing of prejudice. While defendant was an adult when he committed the offenses, our supreme court has recognized a defendant who committed the offense as a young adult may raise an as-applied constitutional challenge in a postconviction petition based on the evolving science on juvenile maturity and brain development that helped form the basis of the *Miller* decision. See *Harris*, 2018 IL 121932, ¶¶ 46, 48; *Thompson*, 2015 IL 118151, ¶ 44. Moreover, our supreme court has applied *Miller* to discretionary sentences of life without parole, not just mandatory sentences. See *Holman*, 2017 IL 120655, ¶ 40. Additionally, the supreme court has noted the new substantive rule established in *Miller* constitutes prejudice "because it retroactively applies to defendant's

- 14 -

sentencing hearing." *Davis*, 2014 IL 115595, ¶ 42.

¶ 34    In his amended petition for leave to file his fifth postconviction petition, defendant did point out some ways in which the evolving science applied to the circumstances of his case. For example, defendant noted his juvenile record, which the sentencing court found to be an aggravating factor in his case. He also noted a juvenile psychiatric evaluation finding he was anxious, impulsive, and in need of supervision with a supportive adult male. Thus, contrary to the State's argument, defendant pleaded sufficient facts to make a *prima facie* showing of prejudice. At this point in the proceedings, defendant did not need to prove his claim so infected the sentencing hearing that his resulting sentence violated due process.

¶ 35    Since we have found defendant made both a *prima facie* showing of cause and prejudice, the circuit court erred by denying defendant leave to raise his as-applied constitutional challenge to his sentence in his fifth postconviction petition. Thus, we remand the cause to the circuit court for further postconviction proceedings on defendant's as-applied constitutional challenge which is related to *Miller* and its progeny. We note our decision is in no way an opinion on whether defendant will ultimately prevail on his claim.

¶ 36                              III. CONCLUSION

¶ 37    For the reasons stated, we reverse the Sangamon County circuit court's denial of defendant's motion for leave to file his as-applied constitutional challenge in his proposed fifth postconviction petition, affirm the court's judgment in all other respects, and remand the cause for further postconviction proceedings consistent with this decision.

¶ 38    Affirmed in part and reversed in part; cause remanded with directions.