NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230078-U

NO. 4-23-0078

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 4, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| DEEARLISE CHILDROUS, | ) | No. 88CF321 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John M. Madonia, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Knecht concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court did not err by dismissing defendant's fifth successive
postconviction petition at the second stage of the postconviction proceedings, and
defendant was not denied reasonable assistance of counsel.

¶ 2     Defendant, Deearlise Childrous, appeals the Sangamon County circuit court's
January 12, 2023, order granting the State's motion to dismiss his fifth successive postconviction
petition. On appeal, defendant asserts (1) he made a substantial showing his natural life sentence
is unconstitutional under the proportionate penalties clause of the Illinois Constitution of 1970
(Ill. Const. 1970, art. I, § 11) as applied to him and (2) he was denied the reasonable assistance of
postconviction counsel. We affirm.

¶ 3                              I. BACKGROUND

¶ 4     In September 1988, a jury found defendant guilty of the April 8, 1988, first degree
murder (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1(a)(1)) and armed robbery (Ill. Rev. Stat. 1987, ch. 38,

¶ 18-2(a)) of Beth Akers. The evidence showed defendant and Tommy Coleman were after Akers's purse and they shot Akers when she would not let go of the purse. Coleman told Jeffrey Kimble, who was defendant's aunt's boyfriend, defendant was the shooter. Defendant also made statements to several fellow jail inmates indicating he was the shooter. In September 1988, the circuit court held a hearing on defendant's eligibility for the death penalty. The jury unanimously found defendant was eligible for the death penalty but did not unanimously find there were no mitigating factors sufficient to preclude a death sentence. In October 1988, the circuit court held defendant's sentencing hearing and sentenced him to concurrent prison terms of natural life for first degree murder and 30 years for armed robbery. The presentence investigation report stated the following: "Since becoming a teenager, the defendant has spent most all of his time in the juvenile legal system. He has never attended high school, has not been employed and basically hasn't taken much responsibility or control over his life." The report was lengthy and gave additional insights into defendant's childhood and criminal record. It also stated defendant was born in January 1969. Defense counsel asked for a term of years and pointed out defendant was basically a minor and had family support. In March 1990, this court affirmed defendant's conviction and sentence. *People v. Childrous*, 196 Ill. App. 3d 38, 552 N.E.2d 1252 (1990). Defendant filed a petition for leave to appeal, which the supreme court denied. *People v. Childrous*, 133 Ill. 2d 562, 561 N.E.2d 696 (1990) (table).

¶ 5 Defendant filed *pro se* a petition for writ of *mandamus* in June 1992. The circuit court appointed defendant counsel because of the relief the petition sought, and in March 1993, counsel chose to file an amended petition for postconviction relief. The circuit court dismissed the amended petition because it was not timely filed. Defendant appealed, but in March 1994, this court allowed defendant's *pro se* motion to dismiss his appeal. *People v. Childrous*, No.

4-93-0299 (Mar. 7, 1994) (unpublished motion order under Illinois Supreme Court Rule 23).

¶ 6		In April 1998, defendant filed his second postconviction petition, which the circuit court dismissed as frivolous. One year later, this court affirmed the circuit court's dismissal of defendant's second postconviction petition because it was untimely filed. *People v. Childrous*, 303 Ill. App. 3d 1119, 747 N.E.2d 1115 (1999) (table). Defendant then filed his third postconviction petition in January 2001. The circuit court also dismissed that petition. In June 2003, this court affirmed the circuit court's dismissal of defendant's third postconviction petition. *People v. Childrous*, No. 4-01-0766 (June 11, 2003) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7		In July 2003, defendant filed *pro se* a motion for discovery, a motion to file an untimely postconviction petition, and a fourth postconviction petition. In the fourth postconviction petition, defendant (1) alleged two witnesses committed perjury, (2) asserted trial counsel was ineffective, and (3) included a claim of actual innocence. In December 2010, defendant was given 45 days to file an amended fourth postconviction petition, which he did. Defendant's amended fourth postconviction petition contained 19 claims. On the State's motion, the circuit court dismissed defendant's amended fourth postconviction petition in an April 2011 written order. Defendant appealed, and this court affirmed the dismissal. *People v. Childrous*, 2012 IL App (4th) 110372-U.

¶ 8		Defendant filed *pro se* his motion for leave to file a fifth successive postconviction petition in January 2015. Defendant filed numerous pleadings, and the State was improperly allowed to respond. Ultimately, on September 5, 2017, the circuit court entered a written order denying defendant leave to file a fifth successive postconviction petition. Defendant appealed and only asserted the circuit court erred by denying his request for leave to

file his as-applied constitutional challenge to his natural life sentence. This court agreed with defendant and reversed the circuit court's denial of defendant's motion for leave to file his as-applied constitutional challenge in his proposed fifth successive postconviction petition, affirmed the court's judgment in all other respects, and remanded the cause for further postconviction proceedings consistent with our decision. *People v. Childrous*, 2019 IL App (4th) 170687-U, ¶ 37.

¶ 9          On remand, defendant filed his fifth successive postconviction petition asserting his natural life sentence was unconstitutional based on the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). The State filed a motion to dismiss defendant's fifth successive postconviction petition because defendant was not a juvenile at the time he committed the offenses. Appointed postconviction counsel filed a motion to withdraw as counsel. At a June 2020 hearing, defendant expressed his frustration with appointed counsel. After Judge Eric Pistorius discussed the matter with defendant and his counsel, counsel withdrew his motion to withdraw, and defendant agreed to continue to be represented by his appointed counsel. Also, during the hearing, Judge Pistorius indicated defendant should be assessed by a clinical psychologist inquiring into the *Miller* factors and how they apply to defendant. Judge Pistorius entered an order declining to grant the State's motion to dismiss, giving postconviction counsel leave to supplement the successive petition by retaining an expert clinical psychologist to conduct an assessment, and noting the matter remained at the second stage of the proceedings. At an October 2020 hearing, postconviction counsel stated he had obtained a clinical psychologist to evaluate defendant, and Judge Pistorius approved of the expert. Judge Pistorius also announced his retirement in December 2020. The case was not assigned to another judge at that time, and the expert evaluation was not scheduled.

¶ 10         On July 6, 2021, defendant filed *pro se* a motion to compel the court-ordered evaluation noting he had written postconviction counsel several times inquiring about the evaluation and had received no response. On January 14, 2022, the case was assigned to Judge John Madonia. In March 2022, defendant filed *pro se* a motion for new counsel and a motion for sanctions against postconviction counsel because he had still not been evaluated. In May 2022, the State filed a supplement to its motion to dismiss citing new case law. Defendant filed *pro se* a motion to strike the State's supplemental motion to dismiss and a motion to remove postconviction counsel due to unreasonable assistance of counsel. At an August 2022 hearing, Judge Madonia granted defendant's request to proceed *pro se*. Judge Madonia also questioned defendant's proportionate penalties claim because defendant was 19 years old at the time of the offense and expressed his doubts Judge Pistorius's order should stand. Thereafter, defendant filed *pro se* a successive postconviction petition and a motion to continue the appointment of an expert.

¶ 11         In September 2022, Judge Madonia heard arguments on the pending motions and took the matter under advisement. On January 12, 2023, Judge Madonia entered his written order granting the State's motion to dismiss and denying defendant's motion to continue the appointment of a psychiatric expert. As to defendant's claim his sentence was unconstitutional for violating the Illinois Constitution's proportionate penalties clause as applied, Judge Madonia found it was "forfeited." He explained the most recent cases required defendant to bring his as-applied, proportionate penalties clause challenge at the earliest opportunity. Judge Madonia acknowledged the line of cases cited in the State's motion to dismiss were rooted in the cause and prejudice analysis applicable to a request to file a successive petition. He further noted defendant had the tools available to raise his as-applied proportionate penalties claim much

earlier in his posttrial proceedings, including in any of his successive petitions filed in at least 2001, 2003, or 2011.

¶ 12        On January 26, 2023, defendant filed his timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 12, 2021). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals). Thus, we have jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 13                                II. ANALYSIS

¶ 14        Defendant appeals the dismissal of his postconviction petition at the second stage of the proceedings contending he made a substantial showing his sentence was unconstitutional. The State disagrees and asserts defendant could have raised this issue earlier.

¶ 15        The Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a remedy for defendants who have suffered a substantial violation of their constitutional rights at trial. *People v. Pendleton*, 223 Ill. 2d 458, 471, 861 N.E.2d 999, 1007 (2006). In cases not involving the death penalty, the Postconviction Act sets forth three stages of proceedings. *Pendleton*, 223 Ill. 2d at 471-72, 861 N.E.2d at 1007. At the first stage, the circuit court independently reviews the defendant's postconviction petition and determines whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2020). If it finds the petition is frivolous or patently without merit, the court must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2020). If the court does not dismiss the petition, it proceeds to the second stage, where the court may appoint counsel for an indigent defendant. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1007. Defense counsel may amend the defendant's petition to ensure his or her contentions are adequately presented. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at

1007. Also, at the second stage, the State may file a motion to dismiss the defendant's petition or an answer to it. *Pendleton*, 223 Ill. 2d at 472, 861 N.E.2d at 1008. If the State does not file a motion to dismiss or the court denies such a motion, the petition advances to the third stage, wherein the court holds a hearing at which the defendant may present evidence in support of his or her petition. *Pendleton*, 223 Ill. 2d at 472-73, 861 N.E.2d at 1008. At both the second and third stages of the postconviction proceedings, "the defendant bears the burden of making a substantial showing of a constitutional violation." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. A substantial showing means the allegations, if proven at an evidentiary hearing, would entitle the petitioner to relief. *People v. Domagala*, 2013 IL 113688, ¶ 35, 987 N.E.2d 767. In this case, the State did file a motion to dismiss, and the court granted that motion.

¶ 16 With the second stage of the postconviction proceedings, the circuit court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Postconviction Act. *People v. Coleman*, 183 Ill. 2d 366, 380, 701 N.E.2d 1063, 1071 (1998). At this stage, "all well-pleaded facts that are not positively rebutted by the trial record are to be taken as true." *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008. The court reviews the petition's factual sufficiency as well as its legal sufficiency in light of the trial court record and applicable law. *People v. Alberts*, 383 Ill. App. 3d 374, 377, 890 N.E.2d 1208, 1212 (2008). However, when a petitioner's claims are based upon matters outside the record, our supreme court has emphasized the Postconviction Act does not intend such claims be adjudicated on the pleadings. *People v. Simms*, 192 Ill. 2d 348, 360, 736 N.E.2d 1092, 1105 (2000). At a dismissal hearing, the court is prohibited from engaging in any fact finding. *Coleman*, 183 Ill. 2d at 380-81, 701 N.E.2d at 1071. Thus, the dismissal of a postconviction petition at the second stage is warranted only when the allegations

- 7 -

in the petition, liberally construed in light of the trial record, fail to make a substantial showing of a constitutional violation. *Coleman*, 183 Ill. 2d at 388, 701 N.E.2d at 1075. We review *de novo* the circuit court's dismissal of a postconviction petition at the second stage. *Pendleton*, 223 Ill. 2d at 473, 861 N.E.2d at 1008.

¶ 17    Additionally, the Postconviction Act contemplates the filing of only one postconviction petition. *People v. Bailey*, 2017 IL 121450, ¶ 15, 102 N.E.3d 114. Specifically, section 122-3 of the Postconviction Act (725 ILCS 5/122-3 (West 2020)) declares "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." Section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2020)) represents an exception to the waiver rule. See *Bailey*, 2017 IL 121450, ¶ 15. It provides the following:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2020).

Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause and prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909. At the second stage of the postconviction proceedings, the State may seek a dismissal thereof on any grounds, including the defendant's failure to prove cause and prejudice for not having raised the claims in the initial postconviction petition. *Bailey*, 2017 IL 121450, ¶ 26.

¶ 18                                    A. Cause and Prejudice

¶ 19            Since this court remanded defendant's case for further proceedings, the case law in this area has continued to evolve. In its most recent case, our supreme court addressed the appeals of two defendants who were both 19 years old when they committed murder and seeking reversals of the denial of their leave to file successive postconviction petitions challenging their sentences. *People v. Moore*, 2023 IL 126461, ¶ 1. One of the defendants had filed his original postconviction petition in 2006, and the other defendant filed his in 2001. *Moore*, 2023 IL 126461, ¶¶ 14, 25. In their petitions for leave to file a successive postconviction petition, the defendants argued the *Miller* decision gave them cause to challenge the constitutionality of their sentences under the proportionate penalties clause of the Illinois Constitution. *Moore*, 2023 IL 126461, ¶ 40. The supreme court noted *Miller* did not directly apply to young adults and did not present new proportionate penalties clause principles with respect to discretionary sentencing of young adult offenders. *Moore*, 2023 IL 126461, ¶¶ 40, 42. It explained, "long before *Miller*, Illinois law recognized the special status of juvenile offenders for purposes of applying the principles under the proportionate penalties clause." (Internal quotation marks omitted.) *Moore*, 2023 IL 126461, ¶ 41. Moreover, the court pointed out the evidence and arguments raised at the sentencing hearings for both of the defendants showed the parties knew "Illinois law recognized

- 9 -

the special status of young adults, especially those subject to adverse influences, for purposes of applying the principles of the proportionate penalties clause." *Moore*, 2023 IL 126461, ¶ 42. As such, the defendants had the essential legal tools to raise their present proposed claim under the proportionate-penalties clause when they filed their "previous postconviction petitions." (Internal quotation marks omitted.) *Moore*, 2023 IL 126461, ¶ 42. The supreme court concluded both of the defendants had not sufficiently alleged facts presenting a *prima facie* case showing cause and affirmed both denials of the motions for leave to file the successive postconviction petitions. *Moore*, 2023 IL 126461, ¶ 42.

¶ 20 Defendant recognizes the supreme court's decision in *Moore* but asserts it was neither reasonably nor "legally correct" to suggest young adult offenders had a legal obligation to raise a proportionate penalties claim before *Miller*, which was decided in 2012. Defendant does not attempt to distinguish *Moore* from his case. We find *Moore* is the current state of the law in Illinois for young adult defendants raising proportionate penalties challenges, and under *Moore*, defendant failed to make a substantial showing of cause. As such, we find the circuit court properly dismissed defendant's successive postconviction petition.

¶ 21 Defendant also contends he was denied the reasonable assistance of postconviction counsel. Specifically, defendant contends the delay in counsel obtaining a court-ordered evaluation of how the *Miller* factors applied to him was unreasonable assistance of counsel. The State disagrees.

¶ 22 In postconviction proceedings, the right to counsel is wholly statutory, and the Postconviction Act only requires counsel to provide a defendant with a " 'reasonable level of assistance.' " *People v. Lander*, 215 Ill. 2d 577, 583, 831 N.E.2d 596, 600 (2005) (quoting *People v. Owens*, 139 Ill. 2d 351, 364, 564 N.E.2d 1184, 1189 (1990)). Illinois Supreme Court

Rule 651(c) (eff. July 1, 2017) "imposes specific obligations on postconviction counsel to assure the reasonable level of assistance required by the [Postconviction] Act." *Lander*, 215 Ill. 2d at 584, 831 N.E.2d at 600. Under that rule, postconviction counsel must (1) consult with the defendant either by mail or in person to ascertain the contentions of deprivation of constitutional rights, (2) examine the record of the circuit court proceedings, and (3) make any amendments to the *pro se* petition necessary for an adequate presentation of the defendant's contentions. *People v. Perkins*, 229 Ill. 2d 34, 42, 890 N.E.2d 398, 403 (2007). The defendant bears the burden of demonstrating his attorney failed to comply with the duties mandated in Rule 651(c). *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23, 955 N.E.2d 1200. Our supreme court has consistently held remand is required when postconviction counsel failed to complete any one of the above duties, "regardless of whether the claims raised in the petition had merit." *People v. Suarez*, 224 Ill. 2d 37, 47, 862 N.E.2d 977, 982 (2007). This court reviews *de novo* whether an attorney complied with Rule 651(c). *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15, 43 N.E.3d 1077.

¶ 23   Defendant suggests unreasonable delay alone can constitute unreasonable assistance. In support of his assertion, he cites *People v. Kelly*, 2012 IL App (1st) 101521, 977 N.E.2d 858. However, in that case, the delay was 12 years, and counsel failed to shape one of the defendant's arguments into an appropriate form in violation of the requirements of Rule 651(c). *Kelly*, 2012 IL App (1st) 101521, ¶ 40. The other cases defendant cites simply expressed frustration with the delay in postconviction proceedings. See *People v. Bryant*, 2022 IL App (2d) 200279, ¶ 26 (noting it was difficult to reconcile the reasonable assistance standard in evaluating counsel's performance with "the glacial pace of postconviction litigation in this case"); *People v. Harper*, 2013 IL App (1st) 102181, ¶ 31, 987 N.E.2d 954 (recognizing, with

postconviction proceedings, the "extraordinarily lengthy passage of time" presented significant issues which impacted the truth-seeking process). In this case, the postconviction proceedings on remand lasted less than three years and were impacted by a judge's retirement. Thus, this case is not similar to the cases cited by defendant.

¶ 24 Moreover, defendant fails to identify what Rule 651(c) duty counsel failed to comply with. As noted by the circuit court, the benefit to defendant's fifth successive postconviction petition from the psychiatric examination ordered by a previous judge in June 2020 is purely speculative. Thus, defendant has failed to meet his burden of demonstrating postconviction counsel failed to fulfill his Rule 651(c) duties.

¶ 25 III. CONCLUSION

¶ 26 For the reasons stated, we affirm the Sangamon County circuit court's dismissal of defendant's fifth successive postconviction petition.

¶ 27 Affirmed.